HARDY, Judge.
This is an action in trespass through which plaintiff ■ seeks recovery of damages from defendants for the alleged unlawful cutting and removal of timber from property of which she was an owner in indivi-sión. After trial there was judgment in favor of defendants rejecting plaintiff’s demands, from which she has appealed.
This is the usual type of suit for the recovery of damages resulting from the *797 illegal cutting of timber. The defendants are Lakeside Lumber Company, a partnership, and Andrew Harris, a.brother-in-law of plaintiff. Plaintiff alleged that she was the owner of an undivided one-fourth interest in certain described property in Jackson Parish, Louisiana, the correctness of which claim is conceded. Plaintiff acquired her interest by inheritance, being one of four heirs, of D. M„ C. Henderson, deceased. As an essential element of her claim plaintiff alleged moral and legal bad faith, or, alternatively, legal bad faith, on the part of defendants, setting up the fact that the defendant, Andrew Harris, acting for and in behalf of defendant Lakeside Lumber Company, had cut and removed standing timber from the property described without petitioner’s authorization, consent or knowledge.
Alternatively plaintiff alleged that if Andrew Harris was not acting as an agent or employee of Lakeside Lumber Company, then both defendants were acting conjointly in the execution of a common plan and purpose which resulted in depriving petitioner of her interest in the timber without her consent
The facts are that in or about the year 1947 Lakeside Lumber Company purchased all the timber on the described property and cut and removed the same with the exception of the timber on a portion of the tract which was under water; in 1951, sometime after the death of D. M. C. Henderson, Andrew Harris, husband of one of plaintiff’s sisters and co-heirs, and his two brothers, composing the partnership known as Harris Brothers, cut and removed the timber from which the water had been temporarily drained, and delivered the logs to Lakeside Lumber Company; the price paid upon delivery was $48 and $28 per thousand feet for the pine and hardwood timber respectively, out of which Harris Brothers retained $25 per thousand for the pine and $20 per thousand for the hardwood as a charge for cutting, hauling and removing the timber; the amount remaining, in the total sum of $599.34, was distributed equally by check to the. four heirs;. plaintiff received a check from Lakeside Lumber Company but refused to cash the check and instituted this suit.
Defendant Harris contends that he was authorized by plaintiff and her co-heirs to cut, haul and sell the timber, deducting therefrom the reasonable charges for such services. In this connection we find that the consideration paid for the timber was equal to the acceptable market value at the time, and that the charges for cutting and hauling were reasonable. In fact it appears from the testimony that the price paid by Lakeside Lumber Company was perhaps in excess of the real value by reason of the generally poor condition of the logs.
The defense advanced on behalf of Lakeside Lumber Company is based upon the claim that it had no connection with Andrew Harris except as purchaser of logs which it had every reason to believe he was authorized to sell and deliver. There is a further defense of estoppel on the part of defendants which, in view of our conclusion as hereinafter expressed, we do not deem it necessary to discuss.
In argument and brief before this court counsel for plaintiff seriously and urgently contends that parol testimony was improperly admitted over his objection on trial, first in the attempt to establish the sale of an immovable, that is, standing timber, and second, in the effort to show a contract of mandate as between plaintiff and defendant.
The facts in connection with the agreement of sale or agency relied upon by defendants are that immediately following the funeral services for D. M. C. Henderson, deceased, plaintiff and her co-heirs, together with the defendant, Andrew Harris, discussed the possibilities of the sale of the property and the sale of the timber. Harris contends that as a result of this discussion he was verbally authorized to cut, haul and sell the timber in the interest of the heirs, and that plaintiff was present and agreed to such an arrangement. This is strenuously denied by plaintiff, but we think the testimony preponderates in support of defendant’s position.
On the question of proof of sale of standing timber or proof of a mandate for. *798 the sale of standing timber, we concede the correctness of plaintiff’s counsel’s contention and the authorities cited in support thereof. However, we think counsel is in error in urging the application of the parol evidence rule under the facts of the instant case.
 We point out that this is not an action to establish ownership of standing timber which, of course, is immovable property under the provisions of Act 188 of 1904, now LSA-R.S. 9:1103; nor is it an action to establish a contract of mandate for the sale of immovable property. We illustrate by pointing out the fact that if these defendants had brought suit against plaintiff, claiming ownership of standing timber and the right to cut the same, the objection advanced to parol testimony in support of such claims would be valid and enforceable. But we are not confronted with such an action. This plaintiff has sued for damages resulting from an alleged trespass and as a necessary and fundamental ground for her claim she has assumed the burden of alleging and proving moral and legal bad faith, or, alternatively, legal bad faith. In other words, the responsibility for the establishment of bad faith is incumbent upon the plaintiff and for this reason the parol evidence rule does not apply.
In the instant case, even if defendant Harris should be considered a trespasser, the question of good faith remains the issue by which damages must be determined. Even a trespasser may be in good faith if he believes and has good reason to believe that he is authorized to cut and remove timber, Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847, 851:
“And in cases where the trespasser is in good faith, that is, where he believes that the timber belongs to him and there is no valid reason for him to suppose otherwise, he is liable only for its stumpage value.”
Under our finding of facts we conclude that defendant Lakeside Lumber 'Company was in good faith in purchasing the logs from the defendant Harris, since it had no connection with Harris other than with respect to such purchase and had every reason to believe that Harris was authorized to sell. Similarly we conclude that Harris was in good faith by reason of his understanding with the heirs of D. M. C. Henderson. It follows that the judgment appealed from should be, and accordingly it is, hereby affirmed at appellant’s cost.